UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------------------------------------------ x
DAVID PURCELL, :
:
                 Plaintiff, :
: **MEMORANDUM &**
     -against- : **ORDER GRANTING**
: **PLAINTIFF'S MOTIONS**
SCIENT FEDERAL CREDIT UNION, : **FOR ATTORNEY'S FEES**
SPLIT DOLLAR AGREEMENT PLAN, :
and SCIENT FEDERAL CREDIT : 3:22-CV-961 (VDO)
UNION, *as Administrator*, :
:
                 Defendants. :
------------------------------------------------------------------ x

**VERNON D. OLIVER**, United States District Judge:

## I.    BACKGROUND

Familiarity with the background of this action is assumed. In June 2024, the Court granted summary judgment in Plaintiff's favor on Count One of the Complaint, the claim brought under section 502(a)(1)(B) of the Employee Retirement Income Security Act of 1974 ("ERISA"), and held there is no dispute that Plaintiff's employment was terminated for disability.

Before the Court is Plaintiff's motions for attorney's fees and costs incurred in obtaining a remand for further administrative proceedings in this matter. (ECF Nos. 65, 92.) Defendants oppose. (ECF No. 96.) For the following reasons, the Court **grants** Plaintiff's motions with modifications.

## II.    DISCUSSION

ERISA's fee-shifting provision states that "the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g)(1). "Congress intended the fee provisions of ERISA to encourage beneficiaries to enforce their

statutory rights" and thus, those provisions "must be liberally construed to protect the statutory purpose of vindicating retirement rights." *Donachie v. Liberty Life Assurance Co. of Bos.*, 745 F.3d 41, 46 (2d Cir. 2014) (citations omitted). "[T]he threshold issue a district court must consider when deciding whether to award attorneys' fees under ERISA is 'whether a plaintiff has obtained some degree of success on the merits.'" *Massaro v. Palladino*, 19 F.4th 197, 216 (2d Cir. 2021) (quoting *Donachie*, 745 F.3d at 46). In exercising its discretion to award fees, a "useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate," *Hensley v. Eckerhart*, 461 U.S. 424, 433–34 (1983), commonly known as the lodestar. In rare circumstances, a district court may adjust the lodestar when it "does not adequately take into account a factor that may properly be considered in determining a reasonable fee." *Millea v. Metro-North R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011) (citation omitted).

      Here, on June 20, 2024, the Court granted summary judgment in Plaintiff's favor on Count One of the Complaint, the claim pursuant to ERISA § 502(a)(1)(B). (ECF No. 53.) Plaintiff is therefore the prevailing party as to that claim. While Defendants assert that Plaintiff acted in bad faith, the record reveals that Plaintiff worked diligently to simplify this action by moving to dismiss the counterclaims and opposing Defendants' motion to expand discovery beyond the underlying administrative record. In contrast, Defendants defended themselves through ignoring deadlines during the underlying claim process and attempted to expand this litigation with improper counterclaims and discovery. Simply put, the record reveals no "particular justification" for denying the instant request and it is appropriate for the Court to exercise its discretion to allow fees and costs incurred by Plaintiff. *Donachie*, 745 F.3d at 47.

Attempting to avoid this implication, Defendants argue that the factors set forth in *Chambless v. Masters, Mates & Pilots Pension Plan*, 815 F.2d 869 (2d Cir. 1987) do not indicate that a fees award is appropriate. But it is well settled that "a court may, without further inquiry, award attorneys' fees to a plaintiff who has had 'some degree of success on the merits[.]" *Donachie*, 745 F.3d at 46 (quoting *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 255 (2010)). And it is undisputed that Plaintiff was fully successful on the merits of the ERISA § 502(a)(1)(B) claim and obtained all relief he sought by showing that he was terminated because of a disability within the meaning of the plan. Therefore, the Court need not apply the *Chambless* factors in channeling its discretion to award fees. *Toussaint v. JJ Weiser, Inc.*, 648 F.3d 108, 110 (2d Cir. 2011).

Consequently, after careful consideration of the record, the Court finds that the request for attorney's fees comprising of a $550 hourly rate and 94.2 hours expended to be reasonable, in light of attorney David S. Rintoul's more than thirty years of experience in employee benefits and ERISA matters (ECF No. 65-2 ¶ 3), the declarations of attorneys Lewis Chimes, Mark R. Carta, and Mark Carey (ECF Nos. 65-3, 65-4, 65-5), and attorney Rintoul's billing records. (ECF No. 65-2 at 4–6; ECF No. 92 at 4.)

As to costs, Plaintiff seeks $400 in court filing fees and $29.60 in certified mail postage. While the docket reflects the filing fee (ECF No. 1), Plaintiff does not provide receipts for the postage. Consequently, the Court finds that an award for $400 in court filing fees to be appropriate and denies the request for $29.60 of costs for postage.

### III.   CONCLUSION

Based on the foregoing, the Court **grants** the motions for attorney's fees and litigation costs as modified.

The Clerk is respectfully directed to close the case and enter judgment in Plaintiff's favor for $**51,810** in attorney's fees, comprising of a $550 hourly rate and 94.2 hours expended, and $**400** in costs.

**SO ORDERED.**

Hartford, Connecticut
December 13, 2024

/s/Vernon D. Oliver
VERNON D. OLIVER
United States District Judge

4